C.J. Erickson
Kieran G. Doyle
Jeremy A. Berman
COWAN, LIEBOWITZ & LATMAN, P.C.
114 West 47th Street
New York, NY 10036
(212) 790-9200
Attorneys for Plaintiff Twenty-Six Designs, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

TWENTY-SIX DESIGNS, LLC,

                *Plaintiff*,

        v.

CONQUEST SPORT GROUP LLC; THE
TJX COMPANIES, INC.; HOME GOODS
LLC; BIG 5 CORP.; HRLY BRAND
HOLDINGS LLC; and BLUESTAR
ALLIANCE LLC,

                *Defendants*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Case No.  2:24-cv-6377

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Twenty-Six Designs, LLC ("Plaintiff"), by its undersigned attorneys, for its Complaint against defendants Conquest Sport Group LLC ("Conquest"), The TJX Companies, Inc., ("TJX"), Home Goods LLC, ("Home Goods"), Big 5 Corp. ("Big 5"), HRLY Brand Holdings LLC, ("Hurley") and Bluestar Alliance LLC ("Bluestar") (together "Defendants") alleges as follows:

## NATURE OF THE ACTION

1.    Plaintiff brings this action for trademark counterfeiting, trade dress infringement, false designation of origin, and unfair competition under the Lanham Act, 15 U.S.C. § 1051 et seq., and corresponding state law, to halt Defendants' infringement and counterfeiting of Plaintiff's

valuable trade dress, which is prominently used in connection with Plaintiff's popular BOGG Bag products.

## **THE PARTIES**

2.     Plaintiff Twenty-Six Designs, LLC is a New Jersey limited liability company with its principal place of business at 80 Seaview Drive, Secaucus, NJ 07094, engaged in the business of, among other things, designing, marketing, and selling tote bags to consumers.

3.     Upon information and belief, Defendant Conquest is a New York limited liability company with an address of 5601 1st Avenue, 2nd Floor, Brooklyn, NY, 11220.

4.     Upon information and belief, Defendant TJX is a Delaware Corporation with an address of 770 Cochituate Road, Framingham, Massachusetts 01701.

5.     Upon information and belief, Defendant Home Goods is a Delaware Corporation with an address of 770 Cochituate Road, Framingham, Massachusetts 01701.

6.     Upon information and belief, Defendant Big 5 is a Delaware Corporation with an address of 525 East El Segundo Boulevard, El Segundo, California 90245.

7.     Upon information and belief, Defendant Hurley is a Delaware Corporation with an address of 240 Madison Avenue, 15th Floor, New York, NY, 10016.

8.     Upon information and belief, Defendant Bluestar is a New York limited Liability Company with an address of 1370 Broadway, Suite 820, New York, NY, 10018.

## **JURISDICTION AND VENUE**

9.     This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331 and 1338, and pursuant to principles of supplemental jurisdiction.

00001/000/4610219.1

10.    This Court has personal jurisdiction over Defendants because they sell the infringing and counterfeit products in New Jersey and have committed tortious acts within New Jersey by advertising and selling products in this jurisdiction using counterfeit and infringing trademarks and trade dress.

11.    Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c), because a substantial part of the events or omissions giving rise to the claim occurred in this District, and because Plaintiff resides in this District.

## NATURE OF THE ACTION

12.    TSD brings this action for trade dress infringement, trademark counterfeiting, false designation of origin, and unfair competition under the Lanham Act, 15 U.S.C. § 1051 et seq., and corresponding state law to halt Defendants' infringement of TSD's valuable trade dress.

## FACTS

### The Origin of TSD and the BOGG Bag

13.    Kimberlee Vaccarella is the founder and CEO of TSD and is solely responsible for the design of the BOGG bag.  She started her business in her home in 2008 while working full time as the controller at a commercial real estate lender.  After sketching out the look of the BOGG bag, Ms. Vaccarella visited a local craft store and purchased foam and other materials needed to create a prototype of the BOGG bag.  Next, she researched manufacturing methods and learned that the bags she designed and envisioned would have to be manufactured through an injection mold process. With her prototype in hand, she next sought out a manufacturer, paid for the tooling of an injection mold and placed an order with a factory for a sample bag.  The sample arrived while Ms. Vaccarella was at work at her job at the commercial real estate lender.  Her husband called her to come home right away to see "the coolest thing [he had] ever seen."

14.     When she arrived home, she saw on her dining room table her vision realized –
the prototype of the BOGG bag, which has maintained its distinctive look ever since.

15.     Ms. Vaccarella ordered from the factory 300 units of the BOGG bag which she sold
through a boutique in her hometown of Ridgewood, New Jersey.

16.     Though the first shipment of BOGG bags received an enthusiastic reception, Ms.
Vaccarella faced many challenges scaling up production and distribution.

17.     It was not until 2016 that TSD turned a small profit that was reinvested into the
business, and not until 2018 that Ms. Vaccarella drew a salary from TSD.  And it was not until
2018 that Ms. Vaccarella felt secure enough to leave her accounting job, rely on the public service
salary of her husband to support their family of four, and commit herself to the BOGG bag full
time.

**The BOGG Bag Trade Dress**

18.     Since 2011, TSD has designed, produced, marketed, and sold its famous BOGG
bags featuring a now well-known trade dress (the "BOGG Trade Dress") that has come to signify
TSD as the source of these popular and high-quality bags.  An image of one of TSD's BOGG bags
featuring the BOGG Trade Dress appears below:



19.    The BOGG Trade Dress comprises the overall look, design and appearance of the bags and embraces multiple design elements that collectively have come to identify TSD as the source of the bags, including the following:

- A generally rectangular shape formed of EVA foam, with rounded bottom corners;

- An arbitrary pattern of holes on the front and back faces of the bag;

- Belt-like looped EVA foam handles fastened to the front and back of the bag with shiny, circular buttons in a contrasting material;

- Parallel horizontal lines running around the entire perimeter of the bag just beneath the top edge of the bag and near the bottom of the bag;

- An arbitrary raised pattern running along the bottom surface of the bag and running up the rounded sides of the bag to the bottom parallel line noted above.

20.    The BOGG Trade Dress is non-functional and represents a series of creative design choices.  There are many ways to create a beach bag that does not use the same overall patterns and arbitrary features.

21.    Over the past 13 years, TSD has sold its popular BOGG bags internationally and across the United Stated through over 2,500 stores.  Moreover, TSD has widely promoted and sold its BOGG bags through TSD's website at https://BOGGbag.com.

22.    TSD's BOGG bag has become so popular and is so well regarded that is has been featured in magazines including Better Homes and Gardens, Coastal Living, Country Living and more, and on Good Morning America.

23.    As a result of this longtime use and widespread public and media attention and praise, the BOGG Trade Dress serves as a powerful source identifier for TSD and has acquired significant secondary meaning among the consuming public, which uses the BOGG Trade Dress to identify BOGG bags and their source in the marketplace. That is, consumers encountering TSD's BOGG bags featuring the BOGG Trade Dress identify that bag with a single source – TSD.

24.    TSD has also made extensive use of the BOGG Trade Dress in advertising and promoting its BOGG bags, with advertising and promotions featuring the BOGG Trade Dress on TSD's social media accounts, through which TSD has tens of thousands of followers.

25.    Just a few examples of social media posts drawing consumer attention to the appearance of the BOGG bags and the BOGG Trade Dress appear below:





26.     TSD owns United States Trademark Registration Number 7209812 which is valid,

subsisting, and in full force and effect and which grants TSD exclusive rights in certain aspects of

the BOGG Trade Dress namely:

- the horizontal line running the circumference of the top hem;

- the horizontal line running the circumference of the base;

00001/000/4610219.1

- the semi-rigid synthetic base with round corners; and

- the raised pattern of four zig zag lines when viewed in profile as well as a repeating series of short diagonal lines to the side of the zig zag lines.

27.     Below is the drawing of the trade dress ("TSD's Registered Trade Dress") covered by United States Trademark Registration Number 7209812.



28.     As a result of this longtime use and widespread public and media attention and praise, TSD's Registered Trade Dress serves as a powerful source identifier for TSD and has acquired significant secondary meaning among the consuming public, which uses TSD's Registered Trade Dress to identify BOGG bags and their source in the marketplace. That is, consumers encountering TSD's BOGG bags featuring TSD's Registered Trade Dress identify that bag with a single source – TSD.

29.     TSD's Registered Trade Dress is non-functional and represents a series of creative design choices.  There are many ways to create a beach bag that does not use the same overall patterns and arbitrary features.

30.     TSD's BOGG bags have been a huge commercial success, with 2021 sales exceeding $20 million, 2022 sales exceeding $47 million, and 2023 sales exceeding $54 million. Every consumer exposed to the BOGG bags is exposed to the BOGG Trade Dress.

31.     TSD's BOGG bags are distributed, sold, marketed, and promoted through a wide variety of trade channels, including retail stores, wholesale, and internet sales nationwide.

32.     As a result of the enormous commercial success of the BOGG bags and years of promotion of the BOGG Trade Dress in connection with such a popular product, the BOGG Trade Dress and TSD's Registered Trade Dress (TSD's Marks) have become extremely well-known to consumers as identifying bags of the highest quality originating with TSD.  As such, TSD's Marks have developed substantial goodwill symbolizing intellectual property of tremendous value to TSD.

33.     TSD actively monitors the marketplace in order to enforce its rights against third-party infringers of its intellectual property.

34.     The BOGG trade dress has become so well known as an indicator of source, a symbol of quality and a catalyst for sales that several companies and individuals have copied it, sometimes with identical counterfeits.

35.     TSD has successfully enforced its rights against these knock-offs and counterfeits. TSD has taken down scores of unlawful offerings on Amazon, Temu, Walmart.com and other online retailers.  More significantly, TSD has both threatened and filed lawsuits that resulted in agreements requiring the counterfeiters and infringers to surrender production molds, destroy inventory, cease their wrongful manufacturing and sales and pay to TSD nearly $1,000,000 in disgorged profits.

36.    Genuine BOGG bags do not feature only round holes.  As shown below, they also feature, inter alia, star-shaped and heart-shaped holes.



**Defendants' Predatory Conduct**

37.    Defendants, without authorization from TSD, are manufacturing, importing and selling copycat bags that are substantially indistinguishable from and confusingly similar to the BOGG Trade Dress and TSD's Registered Trade Dress (the "Counterfeit Bag").



10

38.     Upon information and belief, Defendants deliberately copied the Bogg bags when creating the Counterfeit Bag.

39.     Like genuine BOGG bags, the Counterfeit Bag includes the following features of the Bogg bag and BOGG trade dress:

- A generally rectangular shape formed of EVA foam, with rounded bottom corners when viewed from the front and back of the bag and also a generally rectangular shape when viewed from the side of the bag;

- An arbitrary pattern of holes on the front and back faces of the bag, in a 5-4-5-4-5 pattern;

- Belt-like looped EVA foam handles fastened to the front and back of the bag with round attachment mechanisms in a contrasting material and color;

- Parallel horizontal lines running around the entire perimeter of the bag both (a) approximately 1 inch beneath the top edge of the bag and (b) 3 inches above the bottom of the bag;

- A raised pattern not just on the bottom of the bag but also running up the sides approximately 3 inches to the bottom horizontal line of the bag; and

- A trademark placed on the right hand side of the front of the bag below the bottom horizontal line.

40.     Below are the descriptions of TSD's Registered Trade Dress and the BOGG Trade Dress highlighted and underlined to illustrate the elements Defendants copied.

TSD's registered trade dress:

"the horizontal line running the circumference of the top hem, the horizontal line running the circumference of the base, and semi-rigid synthetic base with round corners comprising

raised pattern of zig zag lines when viewed in profile as well as a repeating series of short diagonal lines to the side of the zig zag lines

TSD's common law trade dress:

a rectangular shape formed of EVA foam, with rounded bottom corners; an arbitrary pattern of 23 holes on the front and back faces of the bag, arranged from top to bottom in rows of 5, 4, 5, 4, 5; belt-like looped EVA foam handles fastened to the front and back of the bag with shiny, circular buttons in a contrasting material and color; parallel horizontal lines running around the entire perimeter of the bag just beneath the top edge of the bag and near the bottom of the bag; and an arbitrary pattern of zigzag protruding lines running along the bottom surface of the bag and running up the rounded sides of the bag to the bottom parallel line.

41.     The Counterfeit Bag is confusingly similar to the BOGG bag and therefore infringes TSD's Registered Trade Dress and the BOGG Bag Trade Dress.

42.     The Counterfeit Bag is substantially indistinguishable from the BOGG bag and is therefore a counterfeit of the BOGG bag.

43.     It appears from the striking similarity between the BOGG bag and the Counterfeit Bag that Defendants are willful, bad faith infringers.

44.     Moreover, upon information and belief, Defendants have used digitally altered images of genuine BOGG bags to advertise and sell the Counterfeit Bags.

45.     Below is an image that appears on the hang tags attached to the Counterfeit Bags.

00001/000/4610219.1



46.     Upon information and belief, in this digitally altered image of a genuine BOGG bag, the round holes have been replaced by butterfly-shaped holes, a butterfly design has been superimposed over Plaintiff's "b" logo on the buttons, the BOGG mark has been removed from the lower right corner of the genuine BOGG bag and the HURLEY mark has been applied to run up the side of the genuine BOGG bag.

47.     It is noteworthy that while this image features designs on the buttons, no designs appear on the buttons of the actual Counterfeit Bags.  It is likewise noteworthy that while the mark "Hurley" runs up the side of the bag shown on the hangtag, it does not appear on the actual Counterfeit Bags. Instead, that mark appears on the bottom right of the Counterfeit Bags - - the same spot where Plaintiff places its BOGG mark on the genuine BOGG bags.

48.    Upon information and belief, digitally altered images of a genuine BOGG bag appear on Big 5's website as shown below.





00001/000/4610219.1

49.     Upon information and belief, the photographs Defendants used to create the digitally altered images of the genuine BOGG bags are photographs in which Plaintiff owns the copyright.  If discovery reveals this to be the case, Plaintiff may seek to amend this complaint to add claims for copyright infringement.

50.     TJX stores sold genuine BOGG bags at least in 2018.

51.     TJX representatives were more recently in communication with Plaintiff before TJX began selling the Counterfeit bags.

52.     Specifically, Alexandra ("Lexy") Koop of TJX and Tamara Beins of TSD exchanged several emails in January 2024.

53.     At 1:00 on January 26, 2024, Ms. Koop and Ms. Beins met by Teams at Ms. Koop's request.  During that meeting, Ms. Koop inquired about the possibility of selling BOGG bags in TJX stores.

54.     Upon information and belief Hurley and Bluestar licensed the HURLEY mark to Conquest for use on the Counterfeit Bags.

55.     Upon information and belief Conquest conceived of, manufacture and distribute the Counterfeit Bags.

56.     The Counterfeit Bags are sold through various online and brick and mortar stores including BIG 5, TJ Maxx, and Home Goods.

57.     The Counterfeit Bags are marketed to the same classes of consumers as genuine BOGG bags.

58.    Upon information and belief, Defendants intentionally and willfully copied the BOGG Trade Dress and TSD's Registered Trade Dress to draw upon and siphon off the goodwill and consumer recognition and popularity of genuine BOGG bags.

59.    Defendants' use of trade dress confusingly similar to the BOGG Trade Dress and TSD's Registered Trade Dress is likely to cause confusion, mistake, and deception among consumers as to the source and origin of Defendants' goods, and is likely to deceive the public into believing that the Counterfeit Bags originate from, are associated with or are authorized or licensed by the producers of the BOGG bags, or that Defendants' goods are from the same source, all to the damage and detriment of TSD's goodwill, reputation, and sales.

60.    Upon information and belief, by virtue of their unlawful conduct, Defendants have and will continue to deprive TSD of sales of the genuine BOGG bag and has made or will make substantial profits and gains to which he is not in law or equity entitled.

61.    As a result of Defendants' actions, TSD has been and will be damaged in an amount to be determined at trial.

62.    Defendants' unlawful activities have caused and will continue to cause irreparable harm and injury to TSD and the reputation and goodwill associated with the BOGG Bag Trade Dress and TSD's BOGG Products.  TSD has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF
### (Trademark Infringement Under Section 32 of the Lanham Act)

63.    TSD repeats and realleges the allegations set forth in paragraphs 1-51 as if set forth fully herein.

64.    Defendants have used spurious designations that are identical with, or substantially indistinguishable from, TSD's Registered Trade Dress for which TSD owns the federal trademark registration.  Defendants have used these spurious designations in commerce in connection with

16

the intended advertising, sale, offering for sale and/or distribution of Counterfeit Bags for their own financial gain. TSD has not authorized such use of TSD's Registered Trade Dress by Defendants.

65.    At all relevant times, Defendants had actual and direct knowledge of TSD's prior use and ownership in the United States of TSD's Registered Trade Dress for which TSD owns a federal trademark registration. Defendants' conduct is thus willful and reflects their intent to exploit the goodwill and brand recognition associated with TSD's Registered Trade Dress and the Parallel Zig-Zag Pattern Trademark.

66.    Defendants' acts as described herein constitute trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## SECOND CLAIM FOR RELIEF
### (Trademark Infringement Under Section 32 of the Lanham Act)

67.    TSD repeats and realleges the allegations set forth in paragraphs 1-66 as if set forth fully herein.

68.    Defendants' importation and transportation of products in the United States using TSD's Registered Trade Dress for which TSD owns a federal trademark registration in connection with the advertising, sale, offering for sale and/or distribution of such products in the United States constitutes infringement of a registered trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## THIRD CLAIM FOR RELIEF
### (Trade Dress Infringement in Violation of Section 43(a) of the Lanham Act)

69.    TSD incorporates the foregoing paragraphs 1-68 above as if set forth fully herein.

70.    Defendants' use of, promotion, and sale of the Counterfeit Bags, as described above, constitutes trademark infringement, trade dress infringement, false designation of origin,

17

and unfair competition all in violation of section 43(a) of the Lanham Act, 15 U.S.C. §

1125(a)(1)(A).

## FOURTH CLAIM FOR RELIEF
### (Violation of NJ Stat. § 56:4-1)

71.    TSD incorporates the foregoing paragraphs 1-70 above as if set forth fully herein.

72.    Defendants' use of, promotion, and sale of the Counterfeit Bags, as described

above, appropriates for their own use Plaintiff's BOGG Bag Trade Dress and Plaintiff's Marks,

and the reputation and goodwill associated therewith, in violation of NJ Stat. § 56:4-1.

## FIFTH CLAIM FOR RELIEF
### (Common Law Unfair Competition)

73.    TSD incorporates the foregoing paragraphs 1-73 above as if set forth fully herein.

74.    Defendants' use of the BOGG Bag Trade Dress as described above constitutes

unfair competition in violation of the common law of the State of New Jersey.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Twenty-Six Designs, LLC respectfully requests that this Court

enter judgment in favor of Plaintiff and against Defendants as follows:

A.    Pursuant to 15 U.S.C. § 1116 and NJ Stat. § 56:4-2, that Defendants, their agents,

servants, employees, representatives, successors and assigns and all those persons or entities in

active concert or participation with any of them who receive actual notice of the injunctive order,

be preliminarily and permanently enjoined from (i) manufacturing, importing, selling or otherwie

distributing the Counterfeit Bags; (ii) using TSD's Marks and any products; (iii) using any of

TSD's Marks in a confusingly or deceptively similar manner to the TSD's use of TSD's Marks in

connection with the sale, advertising or promotion of Defendant's goods, or (iv) using trade dress

that is confusingly or deceptively similar to Plaintiff's BOGG Bag Trade Dress or TSD's

Registered Trade Dress, in connection with the sale, advertising or promotion of Defendants' goods;

B.       Pursuant to 15 U.S.C. § 1118, that Defendants deliver up for destruction all material (including, without limitation, all packaging, catalogs, advertisements, promotional materials, brochures, signs, displays and/or stationary), within their possession, custody or control, either directly or indirectly, that uses TSD's Marks or trademarks or trade dress that is confusingly or deceptively similar to TSD's Marks;

C.       Pursuant to 15 U.S.C. § 1116, that Defendants be directed to file with the Court and serve upon Plaintiff, within thirty (30) days after entry of final judgment, a report in writing and under oath setting forth in detail the manner and form by which they have complied with the provisions set forth in Paragraphs A and B above;

D.       Pursuant to 15 U.S.C. § 1117, that Defendants be directed to account to Plaintiff for all gains, profits and advantages derived from its wrongful acts and to pay Plaintiff all damages sustained as a result of Defendants' unlawful conduct;

E.       Pursuant to 15 U.S.C. § 1117, that Plaintiff recover from Defendants the greater of three times the amount of Defendants' profits or any damages sustained by Plaintiff, together with interest on such amount and the costs of this action;

F.       Pursuant to NJ Stat. § 56:4-2, that Plaintiff recover from Defendants all damages directly or indirectly caused to Plaintiff by Defendants' unlawful practices, trebled;

G.       Pursuant to 15 U.S.C. § 1117, that Plaintiff recover from Defendants attorneys' fees and costs in this action; and

H.       That Plaintiff have such other and further relief as this Court may deem just, equitable and proper.

Dated: New York, New York        COWAN, LIEBOWITZ & LATMAN, P.C
      May 23, 2024

By: _____
    C.J. Erickson
    Kieran G. Doyle
    Jeremy A. Berman
114 West 47th St.
New York, New York 10036
(212) 790-9261
CJE@cll.com
KGD@cll.com
JAB@cll.com

*Attorneys for Plaintiff Twenty-Six Designs, LLC*

00001/000/4610219.1